Filed 6/24/25  P. v. Cancino CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL CANCINO,<br><br>    Defendant and Appellant. | B337520<br><br>(Los Angeles County<br>Super. Ct. No. TA121297) |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Gabriel Cancino appeals from the denial of his Penal Code section 1172.6 petition for resentencing.[1]  The superior court concluded Cancino failed to make a prima facie showing of eligibility because the evidence adduced at the preliminary hearing established he was the direct perpetrator and ineligible for relief.  While this appeal was pending, the California Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), which clarified when and how a preliminary hearing transcript may be used at the section 1172.6 prima facie stage.  We affirm the superior court's order and remand with directions to consider an amended petition should Cancino seek to file one.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Underlying Crime*

In 2011, two men and a woman approached Willie Thomas and his niece, Danyale Boyd, as they stood in front of a restaurant.  They demanded to know what Thomas and Boyd were doing there and asked if they knew the whereabouts of Pam, the mother of Boyd's friend.  Boyd responded she did not know.  Boyd identified Cancino as one of the men who confronted them.  She had encountered Cancino and the second man in front of her friend's home approximately three times within the past six weeks.  Boyd described the second man as smaller than Cancino.  The second man had a "shaved bald head, tattoos on his upper eyes down to his cheek.  He weighed about no more than 160."  The two men and the woman beckoned Thomas to the

---

[1]    All further statutory references are to the Penal Code.

middle of the street.  When Thomas complied, the men attacked him by punching and kicking him.  Thomas immediately fell to the ground.

Boyd saw Cancino pull out a four- to five-inch knife with a black handle from his back pocket.  Cancino stabbed Thomas on the right side of his body near his kidneys four to five times and once in the back of his neck.  The second assailant continued to punch and kick Thomas.  The men called Thomas, who is Black, a slur as they beat and stabbed him.  Cancino and the other man stopped after the woman warned they might kill Thomas.  They told Boyd, "don't come around here."  The three then left the scene.  Thomas reported the crime and was treated at the hospital.

B.    *Cancino's Plea*

Cancino was charged with attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)).  The information further alleged that Cancino used a deadly and dangerous weapon, a knife, in the commission of the offense (§ 12022, subd. (b)(1)), that he personally inflicted great bodily injury on Thomas (§ 12022.7, subd. (a)), that it was a hate crime (§ 422.75, subd. (b)), and that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).

In 2012, Cancino pleaded no contest to one count of attempted murder without premeditation, and admitted the gang, great bodily injury, and hate crime enhancements.[2]

_____

[2]    Authorities later identified Ricardo Lopez as the second man who attacked Thomas.  He was charged in an amended

3

(§§ 187, subd. (a), 664, 186.22, subd. (b)(1)(C), 12022.7, subd. (a).) Cancino further admitted to personal use of a deadly weapon in violation of section 12022, subdivision (b). Defense counsel joined in the plea and admissions. He also stipulated to the preliminary hearing transcript as providing the factual basis for the plea. The trial court accepted Cancino's plea. The trial court sentenced Cancino to 24 years in state prison, comprised of the upper term of nine years for the attempted murder plus 10 years for the gang enhancement, two years for the hate crime enhancement, and three years for the great bodily injury enhancement. Although Cancino admitted to the personal use of a deadly weapon, the trial court did not impose any additional time for that enhancement.

C.      *Section 1172.6 Proceedings*

On June 23, 2023, Cancino filed a section 1172.6 petition for resentencing. He checked boxes on a Judicial Council form petition attesting an information was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine, he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and he could not presently be convicted of attempted murder due to amendments to the Penal Code. The superior court appointed counsel, and the parties filed their briefs. The People opposed, contending

---

information and waived a preliminary hearing. Along with Cancino, Lopez pleaded guilty to attempted murder and admitted the gang, hate crime, and great bodily injury enhancements. The court sentenced Lopez to 21 years in state prison. Lopez is not a party to this appeal.

4

Cancino was ineligible for relief because he was prosecuted as the actual perpetrator. The People relied on the preliminary hearing testimony as well as Cancino's admission to the great bodily injury and personal use allegations. Cancino argued he "checked all the appropriate and pertinent boxes, establishing a prima facie case for relief." He further argued that because the court was required to accept the petition's allegations as true, without engaging in fact finding, he was entitled to an evidentiary hearing under section 1172.6, subdivision (d).

The superior court denied Cancino's petition without issuing an order to show cause based on its analysis of the preliminary hearing transcript. The court reasoned Cancino "was in fact a co-attacker, an aider/abettor that continued the attack and stabbed the victim multiple times." It concluded that Cancino was ineligible for section 1172.6 relief as a matter of law.

Cancino timely appealed.

## DISCUSSION

A. *Governing Law and Standard of Review*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, changed the law of murder by eliminating the natural and probable consequences doctrine (see *People v. Gentile* (2020) 10 Cal.5th 830, 842, 847-848) and significantly narrowing the scope of the felony-murder rule (see *People v. Strong* (2022) 13 Cal.5th 698, 707-708). In 2021, the Legislature amended section 1172.6 to authorize resentencing for "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Lee* (2023) 95 Cal.App.5th 1164, 1174.) Generally, the actual

5

perpetrator of the attempted murder is ineligible for resentencing as a matter of law.  (See *Patton, supra,* 17 Cal.5th at p. 563; see generally *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, citing § 1172.6, subd. (a) [as petitioner was the "actual killer and the only participant in the killing," he was not convicted under an invalid theory and could not have made a prima facie showing of relief]; *People v. Myles* (2021) 69 Cal.App.5th 688, 692-694 [affirming denial of resentencing because defendant admitted at parole suitability hearing that she was the actual killer; defendant therefore was "'directly liable,'" "'not vicariously liable'"]; but see *People v. Nino* (2025) ___Cal.App.5th ___ [2025 Cal.App. LEXIS 358] [although defendant was the actual killer, he was eligible for resentencing where the record disclosed he could have been convicted of second degree felony murder based on the felony offense of grossly negligent discharge of a firearm].)

Section 1172.6 provides a resentencing procedure for certain persons who were convicted of murder, attempted murder, or manslaughter under the pre-2019 murder laws.  (See *Patton, supra*, 17 Cal.5th 549; *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*); *People v. Lezama* (2024) 101 Cal.App.5th 583, 590.)  A section 1172.6 petition must include "[a] declaration by the petitioner that the petitioner is eligible for relief under this section" and indicate "[w]hether the petitioner requests the appointment of counsel."  (§ 1172.6, subd. (b)(1)(A), (C).)  On receiving such a petition, the court "shall appoint counsel" if requested and assess "whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subds. (b)(3), (c).)

"[A]fter the appointment of counsel, a court looks beyond the face of the petition." (*Patton, supra*, 17 Cal.5th at p. 563.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463-464.) "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton*, at p. 568.) "[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail. It follows . . . that should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage and should instead grant petitioner an evidentiary hearing, assuming relief is not otherwise foreclosed." (*Id.* at p. 567; accord, *Lewis*, at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'"].)

"[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing. Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not "'factfinding involving the

7

weighing of evidence or the exercise of discretion." " " (*Patton, supra*, 17 Cal.5th at pp. 565-566, fn. omitted.) Under these circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage. (See *ibid*.)

We review de novo an order denying a petition under section 1172.6 at the prima facie stage without issuing an order to show cause. (See *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

B.      *The Superior Court Properly Denied Cancino's Petition for Resentencing Under Section 1172.6*

In his opening brief, Cancino argued the superior court erred by summarily denying his petition because it relied on testimony and evidence the People presented at the preliminary hearing. Cancino acknowledged there was a split of authority regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage but argued he met the low burden to reach the evidentiary hearing stage.

Before the People filed the respondent's brief, the California Supreme Court resolved this split in *Patton, supra,* 17 Cal.5th at page 564. *Patton* held a superior court may "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in determining at the prima facie stage whether a petitioner is eligible for relief under section 1172.6. The high court concluded the petitioner in that case failed to make a prima facie showing because his petition contained only a checkbox declaration with legal conclusions, and he submitted no facts to controvert the People's showing from the preliminary hearing transcript that he was the sole perpetrator of the attempted murder. (*Ibid.*) The

8

court affirmed the denial of the petition but "out of an abundance of caution" ordered the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner choose to file one. (*Id.* at p. 569.)

The People argue the superior court's order should be affirmed under *Patton*. According to the People, the preliminary hearing transcript clearly demonstrates Cancino was "the sole stabber and therefore was not and could not have been convicted on an imputed malice theory of murder." The People argue *Patton*'s disposition—remand with directions to consider an amended petition should Cancino seek to file one within 30 days of remand—is not warranted because Cancino has never offered any facts refuting the preliminary hearing testimony.

In reply, Cancino argues that "[i]f this Court is inclined to affirm on the grounds that appellant's petition for resentencing as currently drafted does not make a prima facie showing of eligibility for relief," we should adopt *Patton*'s disposition because he is in the same position as the petitioner in *Patton*. We follow the California Supreme Court's instruction "out of an abundance of caution" and remand the matter to the superior court with directions to consider an amended petition should Cancino seek to file one within 30 days of the remand. (*Patton, supra*, 17 Cal.5th at p. 569.)

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Cancino, within 30 days of remand,

9

seek to file one.  We otherwise affirm the order denying Cancino's petition for resentencing.


                                        MARTINEZ, P. J.


We concur:



        SEGAL, J.                              FEUER, J.